UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THOMAS J. COLLMAN, | ) | |
| Plaintiff, | ) ) | Case No. 3:10-cv-0090-LRH-RAM |
| vs. | ) ) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, | ) ) | |
| Defendants. | ) | |

Plaintiff, who is a Nevada inmate has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#2-1). Plaintiff has paid the initial installment toward the filing fee. The complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Discussion

Plaintiff sues Defendants Howard Skolnik, Donald Helling, William Donat, Greg Smith and James Baca, all Nevada Department of Corrections officials, as well as Bret Metcalf the Nevada State Prison volunteer Chaplain in both their individual and official capacities for violation of 42 U.S.C. § 1983 and 42usc § 2000cc (RLUIPA).

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. *Id.; McElyea v. Babbit*, 833 F. 2d 196, 197 (9th Cir. 1987).

Prison regulations alleged to infringe on the religious exercise right must be evaluated under the "reasonableness" test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *O'Lone*, 382 U.S. at 349; *Freeman v. Arpaio*,125 F.3d 732, 736 (9th Cir. 1997)(recognizing that the United States Supreme Court's recent decision in *City of Boerne v. P.F. Flores*, 521 U.S. 507 (1997), invalidated the Religious Freedom Restoration Act and restored the "reasonableness test" as the applicable standard in free exercise challenges brought by prison inmates).

In determining the reasonableness of a challenged restriction on First Amendment rights, the court considers four factors. First, there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it, and the governmental objective must itself be a legitimate and neutral one. A second consideration is whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates. A third consideration is the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources. Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation. *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir. 1987) (citing *Turner v. Safley*, 482 U.S. at 89-91).

Plaintiff complains that he has been denied his rights under the First and Fourteenth Amendments which guarantee his right to free exercise of his religion. He presents claims identified as counts one through six, but the claims are actually factual examples of the denial of his right to exercise his religion. He contends he has been denied visits of a clergy of his faith, he has been denied an opportunity to meet confidentially with his clergy, he has been denied full immersion baptism by a minister of his faith, he has been forced to accept the defendants' religious views and practices, and that defendants have failed to act to approve and recognize his sincerely held beliefs.[1]

Plaintiff's religion is identified as the Philadelphia Church of God (PCG). While it appears to be a well established Christian-based religion, it is not on the Nevada Department of Corrections' list of recognized faith groups. Plaintiff alleges that he has been attempting to obtain review and approval of his religious faith by the department's religious review committee since mid 2008, but the recognition has been denied or delayed. This delay or failure to recognize the PCG as a faith group has denied plaintiff the opportunity to observe the religious holidays and practices required by his faith. Plaintiff has stated a claim for denial of his First Amendment rights. The complaint shall proceed on a First Amendment claim. However, the complaint does not state a viable claim against defendant Metchalf, who does not appear to be responsible in any way for the formation of the religious faith review committee or its review of plaintiff's request.

Because the other officials, including Director Skolnik can be charged with the development and enforcement of procedures related to religious practices within the prisons, they shall be required to appear and answer.

**III.    Conclusion**

Plaintiff's claim for denial of his First Amendment right to exercise his religion shall proceed.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that defendant Metcalf is **DISMISSED WITH PREJUDICE.**

---

[1] In fact, as plaintiff admits in his pleading, although originally denied or delayed, he has been allowed visits with a PCG clergy, he has been allowed to meet with that clergy privately, he has been allowed to be baptized in conformance with his religious beliefs by the proper PGC clergy.

4

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

DATED this 8th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

1
2  _____
   Name
3  _____
   Prison Number (if applicable)
4  _____
   Address
5  _____

6  _____

7

8                   UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
9

10
   _____,   )   Case No. _____
11              Plaintiff,              )
                                        )
12 v.                                   )   NOTICE OF INTENT TO
                                        )   PROCEED WITH MEDIATION
13 _____     )
                                        )
14 _____     )
                Defendants.             )
15 _____ )

16      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by
17 which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.
18

19 1.   Do you wish to proceed to early mediation in this case? ____ Yes  ____ No

20 2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

21      _____

22      _____

23      _____

24 3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court
        in the last five years and the nature of each case. (Attach additional pages if needed).
25

26      _____

27      _____

28
                                        6

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

7